UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUAVO DELMONTAE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-01464-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of federal prisoner Quavo Williams's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. [1]. Because it appears the motion is untimely and otherwise not cognizable under § 2255, the Court will order Williams to show cause why this action should not be dismissed. *See* Rule 4 of the Rules Governing § 2255 Proceedings.

**I.     Background**

Williams pleaded guilty in *United States v. Williams*, No. 4:17-CR-00248-MTS-3 (E.D. Mo.), to attempted carjacking and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c). On June 28, 2018, the Court sentenced him to 144 months' imprisonment. Williams later sought post-conviction relief under § 2255, challenging his § 924(c) conviction under *United States v. Taylor*, 596 U.S. 845 (2022). *See Williams v. United States*, No. 4:19-CV-02668-RLW (E.D. Mo.). The Court granted relief in part, and on April 5, 2023, resentenced Williams to 125 months' imprisonment.

On September 26, 2025, Williams filed the present § 2255 motion, asserting entitlement to a sentence reduction under a "Youthful Offender Amendment" to the Sentencing Guidelines, which he states became effective November 1, 2024. He argues that because he was 21 years old at the time of his offense, the amendment warrants a downward departure or reduction in sentence.

**II.   Discussion**

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must examine a § 2255 motion and summarily dismiss it if it plainly appears the movant is not entitled to relief. Section 2255(f) establishes a one-year limitations period that ordinarily runs from the date on which the judgment of conviction becomes final. *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Because Williams did not appeal his April 5, 2023, judgment, it became final fourteen days later, on April 19, 2023. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (calculating finality based on expiration of deadline to file a notice of appeal); Fed. R. App. P. 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case); Fed. R. App. P. 26(a)(2) (delineating the method for computing the 14-day period and excluding the day of the event that triggers the period). Thus, the deadline to file a § 2255 motion was April 19, 2024. The present motion—filed September 26, 2025—appears untimely by approximately seventeen months.

Williams invokes § 2255(f)(3), arguing that the one-year period should run from the effective date of the alleged "Youthful Offender Amendment," November 1, 2024. However, that provision applies only to rights "newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Guideline amendments do not qualify. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). The "Youthful Offender Amendment" thus does not restart the limitations period. Accordingly, the motion appears time barred.

### III. Conclusion

Because it appears that Williams's § 2255 motion is untimely, the Court will order him to show cause why this case should not be dismissed. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (requiring notice and opportunity to respond before *sua sponte* dismissal as time barred).

Accordingly,

**IT IS HEREBY ORDERED** that Williams shall show cause in writing, no later than **thirty (30) days** from the date of this Order, why the Court should not dismiss this action as time barred.

**IT IS FURTHER ORDERED** that failure to timely comply with this Order may result in the dismissal of this action without prejudice and without further notice.

Dated this 14th day of October 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE